51 CCPA

### Application of Heinrich SCHOLLER.

### Patent Appeal No. 7166.

United States Court of Customs and Patent Appeals.

June 11, 1964.

Michael S. Striker, New York City, for appellant.

Clarence W. Moore, Washington, D. C. (Jere W. Sears, Washington, D. C., of counsel), for the Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH, and ALMOND, Judges.

WORLEY, Chief Judge.

Scholler appeals from the board's affirmance of the rejection of claims 35, 39, and 40 to 43 of his patent application.[1]

The invention relates to a process of producing cellulose from cellulose-containing plant material, such as wood, straw, etc., by digesting said material under pressure at elevated temperatures in two stages. In the first stage the raw material is treated with a cooking liquor of progressively increasing concentration of active ingredients under pressure at a raised temperature, until the raw material is partially digested to a predetermined extent. In the second stage digestion of the thus partially digested raw material is completed under pressure and at elevated temperature in counter current to a washing liquid. Fresh washing liquid contacts the substantially completely digested material and passes in counter current towards

---

1. Serial No. 468,123, filed November 10, 1954.

the material which has only been digested to the predetermined extent. During this passage the washing liquid is converted into a cooking liquor, the concentration of which progressively increases in the direction towards raw material in the predetermined partially digested state:

Claim 39 reads:

"39. A process of producing cellulose from a raw material consisting essentially of cellulose-containing plant portions, comprising the steps of digesting said raw material under pressure at elevated temperature in counter-current flow with a cooking liquor, the concentration of active ingredients in said cooking liquor being progressively increased as the digestion progresses until said raw material is partially digested to a predetermined extent, said cooking liquor being utilized in a ration of at least 12 cubic meters of cooking liquor for each 1000kg of raw material calculated as dry weight; withdrawing a portion of at least partially spent cooking liquor from said partially digested raw material; introducing a portion of cooking liquor to said partially digested raw material; and passing said partially digested cellulose-containing material having cooking liquor adhering thereto in a second stage under pressure and at a temperature of between about 125°C. and 165°C. in counter-current to a washing liquid so that said partially digested cellulose-containing material is further digested with progressively decreasing concentrations of cooking liquor active ingredients until said cellulose-containing material is completely digested, thereby obtaining cellulose of uniform properties."

The references are:

Richter    1,632,802    June 21, 1927
Spencer    1,690,954    November 6, 1928

Richter discloses a two stage digestion of cellulose from cellulose-containing material by a continuous, counter current process with a flow arrangement of raw material and treating liquid similar to that being claimed.

Spencer discloses an essentially one stage process for digesting cellulose-containing material to extract cellulose. The process is conducted at elevated temperature and pressure in continuous counter current flow of raw material to a cooking liquor which contacts the most completely digested material at full strength, which strength is progressively reduced as it flows in counter current to successive portions of the raw material towards the point of entry of fresh, undigested raw material. Thus Spencer's process corresponds to the first stage of the claimed process except that Spencer completely digests the cellulose whereas Scholler partially digests it and completes the digestion in a second stage:

The board stated:

"The only feature of the appealed claims which is lacking in the Richter patent is that of carrying out the second stage digestion and washing at a temperature of 125°C. to 165°C. However, the Spencer patent adequately suggests that a digestion process be carried out under pressure at elevated temperatures, and appellant admits on page 14 of his brief, lines 4 and 5, that pressure digestion is old, such admission being consistent with the statement in the second paragraph of appellant's specification. In our opinion, it would be quite obvious to a person of ordinary skill in this art to utilize the well-known expedient of high pressure and temperature digestion in conjunction with the digestion process of Richter, including both stages of Richter's process, inasmuch as digestion takes place at both stages. * * *"

Scholler contends that at most the combination of Richter and Spencer would teach only the use of elevated temperature and pressure in the first stage

of Richter's process, corresponding to the first stage of Scholler's process. In no event, Scholler maintains, would it be obvious to conduct the second stage of Richter's process under pressure at elevated temperature. Scholler argues that in the absence of elevated temperature during the second stage of Richter's process which corresponds to the second stage of the claimed process, digestion of cellulose from the already partially digested pulp will take place only to an extremely limited extent.

Richter states, however,

"When a concentrated solution of caustic soda is employed in treating the fiber, only a relatively short treating period, say, five to ten minutes, at about room temperature, is necessary to produce an alpha fiber having characteristics rendering it especially applicable for viscose preparation.

"When a relatively dilute solution of caustic soda is employed in treating the fiber, a longer treating period and an elevated temperature are necessary to produce fiber of the desired alpha cellulose content. * * * "

Furthermore, as Scholler states in his brief, "It is well known that, broadly, the speed of chemical reactions double when the temperature is increased by about 10°C."

It is apparent from a study of Richter that he recognizes that complete digestion of the cellulose in his second stage is dependent upon treating time, strength of treating liquid and reaction temperature. In view of Spencer's disclosure of obtaining complete digestion of cellulose in a single stage by the use of elevated temperature and pressure, and in view of the common knowledge that increased temperature speeds up chemical reactions, it appears to us that it would be obvious to those skilled in the art to employ elevated temperatures in the second stage of Richter's process to insure completion of the digestion of cellulose by the cooking liquor.

We appreciate appellant's arguments but are not satisfied that the board erred in rejecting his application.

The decision is affirmed.

Affirmed.